IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDI FISHER,

                Plaintiff,                          No. 02:13-cv-00296-HZ

      v.

CAROLYN W. COLVIN,
Commissioner of Social Security,              OPINION & ORDER

                Defendant.


Rory Linerud
LINERUD LAW FIRM
P.O. Box 1105
Salem, Oregon 97308

      Attorney for Plaintiff

S. Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902


1 - OPINION & ORDER

Courtney Garcia
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

     Attorneys for Defendant

HERNANDEZ, District Judge:

     Plaintiff Wendi Fisher brings this action seeking judicial review of the Commissioner's decision to deny disability insurance benefits (DIB). Defendant contends that this Court lacks subject matter jurisdiction to review the ALJ's decision not to reopen a prior claim, and that the claim should be dismissed. Defendant also argues that the ALJ's application of *res judicata* was appropriate. Finally, Defendant argues that to the extent the Court reviews the Commissioner's decision, it should be affirmed.

     I agree with Defendant that this Court lacks subject matter jurisdiction to review the ALJ's denial of Plaintiff's request to reopen her prior claim. Absent an argument by Plaintiff that the ALJ erred in applying the doctrine of *res judicata* to bar reconsideration of the issues and facts finally decided in the prior decision, I also lack jurisdiction to review the ALJ's determination that *res judicata* applied. Furthermore, to the extent the ALJ erred in regard to the time period June 1, 2004 to September 29, 2004, any error was harmless.

## PROCEDURAL BACKGROUND

     Because the issue of whether this Court has subject matter jurisdiction is intertwined with Plaintiff's successive disability benefits applications, I address the procedural history in some detail. Plaintiff filed for supplemental security income (SSI) on June 23, 2006. Tr. 41 (Mar. 24,

2 - OPINION & ORDER

2009 Decision of Administrative Law Judge (ALJ) Charles Evans describing procedural history; the June 23, 2006 SSI application itself is not in the Administrative Record).  In that application, she alleged disability beginning May 1, 2006.  Id.  Her claim was denied initially on September 8, 2006, and upon reconsideration on January 25, 2007.  Id.  Plaintiff requested a hearing and on February 12, 2009 appeared, with counsel, before ALJ Evans.  Id.  At that hearing, Plaintiff requested that her alleged onset date be amended to September 30, 2004.  Id.  She also indicated her intent to pursue a DIB claim as well as the SSI claim.  Id.  ALJ Evans noted in a March 24, 2009 written decision that Plaintiff filed a DIB application after the February 12, 2009 hearing with an accompanying request to accelerate the DIB claim to a hearing level to be decided in conjunction with the SSI claim.  Id.

In his March 24, 2009 written decision, ALJ Evans concluded that Plaintiff was not entitled to SSI or DIB.  Tr. 41-49.  In regard to her DIB claim, ALJ Evans stated that Plaintiff's date of last insured was September 30, 2004.  Tr. 41.  Thus, to be entitled to DIB, Plaintiff had to establish disability on or before that date.  Id.  ALJ Evans went through the five-step sequential evaluation and found that Plaintiff had severe impairments of shoulder pain, neck pain, back pain, obesity, and migraine headaches causing nausea and vomiting.  Tr. 43.  After determining her residual functional capacity, he concluded that she could perform sedentary work, with specified limitations.  Tr. 48-49.  Based on the testimony of a vocational expert, ALJ Evans concluded that Plaintiff could perform other work in the national economy.  Tr. 48-49.  Thus, he concluded that she had not been under a disability as defined by the Social Security Act from September 29, 2004 through March 24, 2009, the date of his decision.  Tr. 49.

Plaintiff did not appeal this decision, making it the final and binding decision of the

3 - OPINION & ORDER

Commissioner of Social Security.  Tr. 17.  On March 3, 2009, between the date of her February 12, 2009 hearing and the ALJ's March 24, 2009 written decision denying her claims for SSI and DIB, Plaintiff filed an application for DIB.[1]  Tr. 125-31.  In that March 3, 2009 DIB application, Plaintiff alleged an onset date of September 29, 2004.  Tr. 125.  On July 2, 2009, after ALJ Evans's March 24, 2009 written decision, she amended her March 3, 2009 DIB application to allege an onset date of June 1, 2004.  Tr. 132-33.[2]

The March 3, 2009 DIB application was denied initially on October 1, 2009, and on

---

[1]  The ALJ later adjudicating this claim stated that it was filed February 12, 2009.  Tr. 17. Defendant refers to the same February 12, 2009 date.  Def.'s Mem. at 3.  But, the application itself states that Plaintiff spoke to the Social Security Administration on March 3, 2009.

Both parties treat this as a second, separate DIB application, even though the date could suggest this was simply the DIB application Plaintiff filed after the February 12, 2009 hearing and which ALJ Evans discussed and then resolved in his March 24, 2009 decision.  Tr. 41 (noting Plaintiff's intent expressed at the February 12, 2009 hearing to file for DIB and that a DIB application "was filed following the hearing" along with a request to accelerate the DIB claim to hearing level).  However, in the March 3, 2009 DIB application, Plaintiff states that a previous application had been filed and that she had filed, or intended to file, for SSI.  This suggests that the March 3, 2009 DIB application is probably a second DIB application and that her first DIB application which she mentioned at the hearing, was filed immediately after the hearing on February 12, 2009.  The record, however, is not entirely clear.

[2]  Although somewhat unclear from the parties' briefing and the record, Plaintiff apparently filed a second SSI application in addition to her second DIB application.  There is no copy of an SSI application in the record, but an October 1, 2009 denial form shows that the application being denied was one for SSI with a filing date of June 22, 2009.  Tr. 51.  Then, on May 18, 2010, another disability determination form indicates that the Commissioner had reconsidered that same SSI claim, with a filing date of June 22, 2009, and was revising the original determination.  Tr. 53.  On January 14, 2011, the Commissioner informed Plaintiff that she was eligible for SSI, finding her disabled as of June 2009 and continuing.  Tr. 84.  This January 14, 2011 Notice of Award indicates that the award was made based on the "reconsideration you filed."  Id.  Reading the January 14, 2011 Notice of Award together with the May 18, 2010 disability determination form referring to an SSI claim leads me to conclude that Plaintiff filed a second SSI application in June 2009.

reconsideration on May 19, 2010.  Tr. 50, 56-60 (initial denial), 52, 67-73 (reconsideration).[3]

Plaintiff requested a hearing before an ALJ and then appeared, with counsel, before ALJ

Rudy Murgo on December 2, 2011.  Tr. 28-37.  During the hearing, ALJ Murgo confirmed that

"[w]hile all this was pending in our system," Plaintiff was awarded SSI in a January 14, 2011

Order, with benefits back to June 2009 and that she was still collecting those benefits.  Tr. 31-32.

ALJ Murgo then referred to ALJ Evans's prior decision, although he erroneously stated that it

was dated April 24, 2009 when it was actually dated March 24, 2009.  Tr. 32.  ALJ Murgo

confirmed that ALJ Evans's decision had not been appealed.  Id.

At this point, given that Plaintiff was receiving disability benefits, the ALJ directly asked

Plaintiff's counsel "what are we doing today?" to which Plaintiff's counsel responded that

Plaintiff "found what we considered, or speculated would be new material of evidence that would

justify reopening the previous judge's decision."  Tr. 33.  ALJ Murgo then asked Plaintiff's

counsel to describe the new and material evidence which counsel did.  Id.

After listening to the description of the evidence, ALJ Murgo confirmed that Plaintiff was

asking him to find the evidence "new and material" and "allow a new hearing."  Tr. 34.  ALJ

Murgo confirmed Plaintiff's position again by asking "what you're asking me to do, then, is reach

a legal decision as to whether I believe that's new and material evidence, correct?" to which

Plaintiff's counsel responded "[Y]es, your honor."  Id.  The ALJ continued:

> So either way I'm going to say, "Yes it is," in which case the case is going back to
> DDS for their first shot, or I'm going to say, "No, it isn't," in which case, if you
> wish, you can appeal that issue to the Appeals Council, U.S. District Court, and

---

[3]  The determination forms associated with the initial denial and the denial on
reconsideration also indicate that the second DIB application was filed February 12, 2009, even
though the application is dated March 3, 2009.

5 - OPINION & ORDER

back to the Ninth Circuit, which came up with this res judicata rule anyway.  So I
don't see any need to take your client's testimony, because that's not an issue here.
Is there anything else you want me to be aware of?

Tr. 34-35.  Plaintiff's counsel responded "No.  I think that that covers the essence of

[INAUDIBLE] here, – [.]  Tr. 35.  Plaintiff's counsel informed ALJ Murgo that he had briefed

the evidentiary issues in his July 2009 initial claim brief[4] which the ALJ acknowledged receiving

and reviewing.  Id.  The ALJ then again summarized the task before him:

So I just need to make a legal analysis.  I'll make an analysis, write an opinion,
and, I mean, it's either going up one way, or down the other way.  I mean, it's
either going back to the agency that, if I rule it's new and material, or, if you, if I
rule it's not, then it's going to the Appeals Council, if you wish to appeal.

Id.  ALJ Murgo inquired as to why Plaintiff had not appealed ALJ Evans's March 24, 2009

decision, to which Plaintiff's counsel responded that "[][5] [l]ost track of time, and missed the time

limit for appealing."  Tr. 36.  ALJ Murgo asked counsel if there was anything further.  Other than

one issue not relevant here, Plaintiff's counsel identified none.  Tr. 36-37.  The hearing then

concluded.

---

[4] That brief, Exhibit 9E in the Administrative Record, consists of two letters.  Tr. 181-
201.  The first, dated July 21, 2009, refers in the subject line to a "request for disability benefits -
new and material evidence available," among other issues.  Tr. 183.  Plaintiff's counsel indicates
that the primary issue in the claim is establishing a disability onset date that captures Plaintiff's
date of last insured of September 30, 2004.  Tr. 184.  In the course of his nineteen-page letter
memorandum, he states that Plaintiff contends her disability began on September 29, 2009, that
she ceased all work in October 2002 as a result of an automobile accident, and that her alleged
onset date is September 29, 2002.  Tr. 184, 185.  Despite the confusion created by the various
alleged onset dates (September 30, 2004, September 29, 2009, September 29, 2002), it seems
clear that at that time, Plaintiff alleged a September 29, 2004 onset date.  The second letter is
dated July 27, 2009, and seeks to amend the alleged onset date to June 1, 2004.  Tr. 181.  Both of
these letters bear handwriting reading "AOD Recommended to be changed to 10/23/02," signed
by "T. Peterson," and dated "8/20/09."  Tr. 181, 183.  The meaning of that notation is unclear.

[5] Plaintiff's counsel did not say whether he or Plaintiff had been the one to lose track of
time.

6 - OPINION & ORDER

THE ALJ'S DECISION

In a December 9, 2011 decision, ALJ Murgo first noted that Plaintiff had not appealed ALJ Evans's March 24, 2009 decision finding Plaintiff not disabled. Tr. 17. He then noted that she had been awarded SSI and began receiving SSI benefits in July 2009. Id. He next recited the history of her second DIB application. Id. He noted the new exhibits which were offered and accepted at his December 2, 2011 hearing. Id.

ALJ Murgo then framed the issue to be decided as "whether there is a reason to reopen the decision on the prior claim for a period of disability and disability insurance benefits." Tr. 18. He stated that the "specific issue is whether there is good cause to reopen the prior decision under 20 CFR 404.987 and 988." Id. He concluded that "[a]fter careful review of the entire record, I find the claimant has provided no new or material evidence relating to her alleged disability as it existed on or before September 30, 2004, her date last insured under the Act. There is no reason to reopen the prior decision. It is not reopened." Id. He then proceeded to give a more detailed analysis in support of his conclusion.

ALJ Murgo noted ALJ Evans's findings regarding Plaintiff's severe impairments and that despite those severe impairments, her residual functional capacity did not preclude work as a small product assembler and booth cashier. Id. ALJ Murgo summarized Plaintiff's current allegation that she became disabled on June 1, 2004 due to nerve damage, fibromyalgia, bipolar, posttraumatic stress disorder, low ability to cope, trust issues, anxiety, depression, soft tissue damage in upper and lower back, brachial plaxis, costrocondritis, obsessive compulsive disorder, paranoia, carpal tunnel, tendonitis, and incontinence. Id. He concluded that Plaintiff had not supplied new and material evidence of her condition between June 1, 2004 and September 30,

7 - OPINION & ORDER

2004. Id.[6]  He noted that Plaintiff had tendered medical evidence from three separate sources in

support of her position that new and material evidence justified a reopening of her prior claim:

(1) evidence from Good Shepherd Medical Center, (2) Dr. Breland, and (3) Dr. Lundquist.  Id.

(citing Exhs. 1F, 5F, 17F, 18F, 24F, and 26F).

> He explained that
>
> > [t]here has been no material change of circumstances regarding the claimant's age,
> > education, or past relevant work experience since March 24, 2009.  Therefore, the
> > prior hearing decision, dated March 24, 2009, will not be disturbed.  Furthermore,
> > the claimant is not entitled to a new decision on the same rights, the same facts
> > and the same issues that were previously decided.  The doctrine of *res judicata*
> > bars reconsideration of issues and facts finally decided in the prior hearing
> > decision.  I have reviewed evidence of record during the prior proceedings solely
> > to determine if the claimant has demonstrated a material change of circumstances
> > since the prior hearing decision.  The claimant did not testify at the hearing before
> > me on December 2, 2011.  There is therefore no new testimony of the claimant to
> > support a worsening of her condition that would represent a material change of
> > circumstance during the relevant period from June 1, 2004 through September
> > 2004.  The new medical evidence presented by the claimant does not show a
> > material change in her impairments during the relevant period.

Tr. 18-19.

> ALJ Murgo then discussed the medical evidence Plaintiff submitted.  Tr. 19-20.  He

concluded by stating

> > [t]his evidence does not warrant a change in any finding pertinent to any matter at
> > issue or in the ultimate decision.  It is therefore not material.  It does not satisfy
> > the regulatory standard for reopening.  The evidence submitted by the claimant
> > does not show good cause for reopening the prior decision.

---

[6]  Although the request to reopen ALJ Evans's decision would seem to apply only to the
period he adjudicated (September 29, 2004 through March 24, 2009), the relevant time period at
issue is the new alleged onset date of June 1, 2004 to September 29, 2004 because Plaintiff's
undisputed date of last insured is September 30, 2004.  New evidence offered in support of
reopening the prior DIB determination cannot be "material" if it relates to disability commencing
after the last insured date.

8 - OPINION & ORDER

Tr. 20.  Finally, in a section labeled "DECISION" he stated:

> Based on the application for a period of disability and disability insurance benefits
> protectively filed on February 12, 2009, I find no reason to reopen the prior
> decision that was dated after her date last insured under the Act.  That decision is
> not reopened and the claimant is not entitled to disability insurance benefits for
> the period at issue.

Id.

Following ALJ Murgo's decision, the Appeals Council denied review.  Tr. 1-7.

## DISCUSSION

Plaintiff's appeal requires discussing the law regarding reopening of a previously-denied social security DIB application and of the principles of *res judicata*.  Although Plaintiff filed a second separate application for DIB rather than a direct request to reopen her prior determination, it is clear that Plaintiff and ALJ Murgo treated her second application as a request to reopen the prior determination by ALJ Evans.  E.g., Tr. 183 (Plaintiff's July 21, 2009 Initial Claim Brief referring to "new and material evidence available"); Tr. 28-37 (transcript of December 2, 2011 hearing before ALJ Murgo with statements by both Plaintiff's counsel and the ALJ that this was a request to reopen the prior determination); see also Pl.'s Brief [17] at 2 ("Plaintiff is seeking to have this determination reopened for additional review"); at 8 ("In the instant case, the lone issue is whether the Commissioner erred by not reopening Plaintiff's previous ALJ determination.").  As I understand ALJ Murgo's decision, he determined that the evidence Plaintiff relied on to contend that reopening was warranted, was not in fact new and material evidence sufficient to justify reopening of the prior determination.  Thus, he declined to reopen the prior determination.  ALJ Murgo concluded that the doctrine of *res judicata* barred reconsideration of the issues and facts that were decided in the prior decision and accordingly, Plaintiff was not entitled to a new

9 - OPINION & ORDER

decision on the same rights, the same facts, and the same issues adjudicated in the prior determination.

Plaintiff contends that the ALJ failed to adequately develop the record in determining whether to reopen the prior determination because he failed to afford Plaintiff the opportunity to testify regarding her impairments.  As a result, she argues that ALJ Murgo had no basis to ascertain whether Plaintiff demonstrated new or material evidence sufficient to satisfy the good cause standard required for reopening the prior determination.

Defendant argues that ALJ Murgo's denial of the request to reopen the prior determination is an exercise of discretion, not subject to judicial review and that Plaintiff fails to establish the recognized exception of a "colorable constitutional claim" allowing judicial review of the ALJ's decision.  Defendant further argues that the application of *res judicata* was proper.

Reopening of a prior determination is addressed in 20 C.F.R. §§ 404.987-404.996.  A determination may be reopened within four years of the date of the notice of the initial determination if good cause is found.  20 C.F.R. § 404.988(b).  Good cause to reopen exists if "[n]ew and material evidence is furnished[.]" 20 C.F.R. § 404.989(a)(1).

Judicial review of a decision denying DIB benefits is limited to "final decision[s] of the Commissioner[.]"  42 U.S.C. § 405(g).  A decision by the Social Security Administration to decline to reopen a prior determination is discretionary and thus, is not final and not generally reviewable by the district court.  Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013) (citing Califano v. Sanders, 430 U.S. 99, 108 (1977) and other cases); Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985).

An exception exists when the denial of a request to reopen is challenged on constitutional

grounds.  Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) (noting that the Ninth Circuit

applies the Sanders exception "to any colorable constitutional claim of due process violation that

implicates a due process right either to a meaningful opportunity to be heard or to seek

reconsideration of an adverse benefits determination.") (internal quotation marks omitted).

Notably, Plaintiff makes no constitutional argument in her appeal to this Court.  Instead,

she contends that the ALJ violated his duty to fully develop the record.  But, an allegation that

the agency failed to follow its own regulations is not a constitutional violation.  Doan v. Sec'y of

Health & Human Servs., 680 F. Supp. 1146, 1148-49 (S.D. Ohio 1987).  In the absence of an

argument based upon the alleged deprivation of a due process right, Plaintiff has waived a claim

that a colorable constitutional claim allows judicial review of the ALJ's denial of her request to

reopen her prior claim.  See, e.g., Subia v. Commissioner, 264 F.3d 899, 902 (9th Cir. 2001)

(district court properly dismissed action for lack of jurisdiction when the plaintiff made no

express attempt to "anchor either [of her arguments raising error] in constitutional moorings" and

made "no explicit allegation of a due process violation in her brief" to the court of appeals);

Rivera v. R.R. Ret. Bd., 262 F.3d 1005, 1014) (9th Cir. 2001) (plaintiff waived constitutional due

process argument by failing to raise it in opening brief).[7]

Additionally, even if Plaintiff made the argument that the ALJ deprived her of due

process rights by not taking her testimony, this would not be a "colorable constitutional claim of

due process violation."  A claimant is not entitled to a hearing on a request to reopen.  Sanders,

---

[7] Despite Defendant's argument in its Response Memorandum that Plaintiff failed to raise a constitutional claim, Plaintiff did not file a Reply Memorandum and thus she failed to articulate a colorable constitutional claim in support of judicial review in either her Opening Memorandum or a Reply Memorandum.

430 U.S. at 108 (determination whether to reopen may be made without a hearing); <u>Matlock v.</u>

<u>Sullivan</u>, 908 F.2d 492, 494 (9th Cir. 1990) (determination on a request to reopen can be made

without a hearing); <u>Davis v. Schweiker</u>, 665 F.2d 934, 935 (9th Cir. 1982) (citing cases for the

proposition that a hearing on reopening request and good cause issues is discretionary).  While

due process requires that a claimant receive meaningful notice and an opportunity to be heard,

<u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976); <u>Udd v. Massanari</u>, 245 F.3d 1096, 1099 (9th

Cir. 2001), Plaintiff was already afforded due process in connection with her original DIB

application.  Her "failure to fully develop the record" argument implicates no due process

concerns regarding her opportunity to be heard on her original DIB application or the notice of

her rights to seek review of the denial of that application.

Given that, the issue on her request to reopen her prior application was limited to whether

there is new and material evidence of disability for the relevant time period.  There is no

constitutional right to a hearing on that reopening request.  <u>E.g.</u>, <u>Cunningham v. R.R. Ret. Bd.</u>,

392 F.3d 567, 577 (3d Cir. 2004) (rejecting claim that due process required hearing on whether

there was "good cause" to reopen untimely appeal from denial of benefits); <u>Earley v. Dep't of</u>

<u>Health & Human Servs.</u>, 776 F.2d 782, 784-85 (8th Cir. 1985) (no merit to claim that

constitutional due process guarantee required a hearing on claim that new and material evidence

justified reopening; noting that claimant had already been afforded a full administrative hearing

on her claim for benefits, as well as an opportunity for judicial review on the merits and had been

permitted to submit medical reports and other written materials in support of her position that

there would be good cause for reopening her prior claim); <u>see</u> <u>also</u> <u>Fusco v. Sullivan</u>, 935 F.2d

274, 1991 WL 97608, at *1 (9th Cir. 1991) (no constitutional due process claim based on ALJ's

failure to hold a hearing on claimant's second application for benefits seeking to reopen first claim) (unpublished).

If a claimant has no constitutional due process right to a hearing on a reopen request based on new and material evidence, then an ALJ's failure to allow a claimant to testify at a hearing on that issue cannot constitute a "colorable constitutional claim."  Plaintiff did not have a right to a hearing in the first place and thus, any due process argument she might have made is without merit.

Second, because she fails to make the argument expressly, she fails to support her claim with sufficient facts.  The "mere allegation of a due process violation" is not a colorable constitutional claim.  Anderson v. Babbitt, 230 F.3d 1158, 1163 (9th Cir. 2000) (citing Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1993)).  A colorable constitutional claim must be "supported by facts sufficient to state a violation of . . . due process."  Klemm, 543 F.3d at 1144 (internal quotation marks omitted).  Plaintiff presents no facts regarding what her testimony would have been or how it would have altered the ALJ's decision.  Thus, any putative due process claim is not sufficiently supported on this record.

Plaintiff makes no argument that the ALJ erred in concluding that *res judicata* barred reconsideration of ALJ Evans's prior decision.  With no constitutional error allowing judicial review of the denial of her reopening request, and with no argument that ALJ Murgo erred in applying *res judicata*, Plaintiff fails to demonstrate that this Court has jurisdiction to review ALJ Murgo's decision.  See Krumpelman, 767 F.2d at 588 ("District courts . . . have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata.").

13 - OPINION & ORDER

Finally, I note that ALJ Murgo denied Plaintiff's second DIB application for the entire period of time she alleged disability, meaning commencing on June 1, 2004, even though the prior decision by ALJ Evans did not address the period from June 1, 2004 to September 29, 2004.  To the extent an argument can be made that ALJ Evans's prior decision has preclusive effect only to the period of time beginning September 29, 2004 and thus, ALJ Murgo erred in failing to take Plaintiff's testimony on the limited time period of June 1, 2004 to September 29, 2004, any error is harmless because at most, Plaintiff's testimony could have established disability for the period from June 1, 2004 to September 29, 2004, which is less than the continuous twelve-month period required to establish disability.  Barnhart v. Walton, 535 U.S. 212, 217 (2002); 42 U.S.C. § 423(d)(1); 20 C.F.R. §§ 404.1505, 404.1509; see also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination") (internal quotation marks omitted).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14 - OPINION & ORDER

CONCLUSION

This Court lacks subject matter jurisdiction to review the Commissioner's denial of

Plaintiff's request to reopen the prior determination and the application of *res judicata*.  To the

extent this Court has subject matter jurisdiction to review the ALJ's decision regarding the June

1, 2004 through September 24, 2009 timer period, the Commissioner's decision is affirmed.  This

case is dismissed.

IT IS SO ORDERED.

Dated this ___6___ day of ___March___, 2014

_____
Marco A. Hernandez
United States District Judge